**TAYLOR, Appellant,**

v.

**FRANKLIN BOULEVARD NURSING HOME, INC., Appellee.**

[Cite as *Taylor v. Franklin Blvd. Nursing Home, Inc.* (1996), 112 Ohio App.3d 27.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69488.

Decided June 24, 1996.

*Thomas P. Aldrich III*, for appellant.

*Benesch, Friedlander, Coplan & Aronoff, Joseph N. Gross* and *Maynard A. Buck*, for appellee.

PATTON, Judge.

The trial court granted summary judgment in this wrongful discharge suit on grounds that plaintiff Irma Taylor failed to present any evidence to show that defendant-employer Franklin Boulevard Nursing Home, Inc. terminated her employment. Following judgment, the court ordered plaintiff's counsel to pay the employer's attorney fees as a sanction for pursuing a frivolous action. The only grounds for appeal that merit discussion are whether the trial court erred by granting summary judgment and whether the trial court abused its discretion by imposing sanctions.

The employer suspended plaintiff from her duties as a nurse's aid when some of its employees gave it reason to suspect that she had physically abused a resident. Concurrent with the suspension, the employer filed a state-mandated report of abuse or neglect of residents which contained corroborating written statements made by employees who witnessed the abuse. See R.C. 3721.22(A). Several statements recounted plaintiff's admission of abuse and her belief that she would probably lose her job over the incident.

While still under suspension, plaintiff began working at the Cuyahoga County Nursing Home. About one month after beginning her employment, the county nursing home terminated plaintiff after it learned that she had failed to disclose her previous employment with the employer. Shortly thereafter, plaintiff telephoned the employer and in a conversation with its assistant director of nursing told her that "she [had] quit her job" with the employer.

I

In the absence of facts and circumstances which indicate that an agreement is for a specific term, employment is terminable at will by either party. *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118, syllabus.

In her response to the employer's motion for summary judgment, plaintiff conceded her at-will status. Additionally, she conceded that she had taken another job while under suspension from the employer. When asked at deposition why she thought her employment had been terminated in an illegal manner, plaintiff answered, "I do not know the answer to that one."

Plaintiff vigorously denied that she had told the employer's assistant director of nursing that she quit her job with the employer. However, she failed to submit an affidavit or any other evidence to contradict the affidavit from the assistant director of nursing. Likewise, she claimed that her responses in deposition were mistakes, brought about by confusion with the questions, but again failed to

clarify those responses with an affidavit. Civ.R. 56(E) does not permit a party to rest on the mere allegations or denials of her pleadings. The party must respond by affidavit to set forth specific facts showing that there is a genuine issue for trial. Under the circumstances, the trial court did not err by finding that plaintiff had terminated her employment and had not been discharged.

Plaintiff argued that the employer failed to respond to discovery requests and thus prevented her from adequately preparing a response in opposition to the motion for summary judgment. Plaintiff did not file a Civ.R. 56(F) motion to delay consideration of summary judgment. We have held that a party who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve its rights thereto for purposes of appeal. See *Stegawski v. Cleveland* (1987), 37 Ohio App.3d 78, 86, 523 N.E.2d 902, 910–911. The record indicates that plaintiff did file a motion to compel discovery, and the court granted that motion. Absent any other motion, we find no error.

## II

■   Plaintiff's counsel next argues that the trial court abused its discretion by imposing sanctions against him for pursuing a frivolous action.[1] Central to the trial court's determination was plaintiff's response to the employer's motion for summary judgment. The trial court found that plaintiff had failed to attach any evidentiary support for her position, and she had not cited any legal authority for her claims. The trial court stated that "[t]he uncontested evidence before this Court leaves no doubt whatsoever that Plaintiff's counsel signed that response with full knowledge and information that there was *no* good ground to support it." (Emphasis *sic*.) Although the trial court did not find that plaintiff's counsel had filed the complaint in bad faith, the trial court did find that counsel knew the case was frivolous after plaintiff's deposition and that he should not have pursued the action.

The relevant portions of R.C. 2323.51 follow:

---

1. The employer argues this issue is not properly before us on authority of *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426, 602 N.E.2d 674, in which we held that a party lacks standing to appeal the imposition of sanctions pursuant to Civ.R. 11 upon his attorney. The Supreme Court has recently held, however, that a timely notice of appeal is the only jurisdictional requirement for a valid appeal; in our discretion, we may overlook other defects in the notice of appeal. See *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229, syllabus. In this case, we originally dismissed the appeal for lack of a final appealable order because the trial court had not ruled on the employer's motion for sanctions. Plaintiff subsequently filed her appeal from the sanctions order, specifically incorporating that judgment (as well as the summary judgment). Under the circumstances, we cannot say that the employer lacked notice of any argument relating to the imposition of sanctions. Therefore, we exercise our discretion to hear this portion of the appeal.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

The court's determination that sanctions for frivolous conduct are warranted will not be overturned unless it can be shown that the court abused its discretion. *Riley v. Langer* (1994), 95 Ohio App.3d 151, 159, 642 N.E.2d 1, 5–6; *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 471, 655 N.E.2d 1333, 1337–1338.

The court based its decision to impose sanctions on two grounds. First, although it found that there may have been a colorable basis for filing the complaint, the court found that any reason for pursuing the action disappeared following plaintiff's deposition. In its written opinion, the trial court stated:

"[T]he record clearly establishes that, as of [plaintiff's deposition], Plaintiff's counsel knew that his client had denied her own claim that she was unlawful[ly] discharged by Defendant. He further knew that she had conceded she could not identify any defamatory statements made about her by Defendants, and that she allowed that her discharge by the Cuyahoga County Nursing home was the result of her failure to complete her employment application fully and completely. Nonetheless, Plaintiff's counsel ignored Defendant's demand [that] he dismiss the litigation."

Second, the court noted that rather than taking the employer's advice to dismiss the complaint (advice plaintiff's counsel characterizes as "blackmail"), plaintiff responded to the employer's motion for summary judgment with a memorandum which did not contain any evidentiary support or citation to legal authority as required by Civ.R. 56(E). The response consisted merely of vituperation and a rambling recitation of irrelevant facts. Counsel accused an affiant of lying, claimed that the employer's counsel had suborned perjury and suggested that the employer, the Cuyahoga County Nursing Home and the Ohio Department of Health were engaged in a conspiracy to keep evidence from plaintiff.

Similarly, the trial court found the imposition of sanctions warranted under Civ.R. 11. Citing our decision in *Harris v. Southwest Gen. Hosp.* (1992), 84 Ohio App.3d 77, 616 N.E.2d 507, the trial court found that following discovery, plaintiff could not identify an act or omission by the employer which caused her injury. The trial court recognized that a violation of Civ.R. 11 does not automatically require the imposition of sanctions unless it can be shown that a violation of the

rule was willful.. The trial court determined that counsel had willfully violated Civ.R. 11 by continuing to pursue the action despite plaintiff's own acknowledgement that she had no claim.

We fully concur with trial court's analysis of the law and facts and find that it did not abuse its discretion by imposing sanctions. This is not the first time plaintiff's counsel has failed to support a brief in opposition to summary judgment. See, *e.g.*, *Nofel v. Bank of N. Am.* (Aug. 24, 1995), Cuyahoga App. No. 68636, unreported, 1995 WL 502530 (response to motion for summary judgment "entirely lacking with respect to the evidentiary materials"); *Lindow v. N. Royalton* (1995), 104 Ohio App.3d 152, 159, 661 N.E.2d 253, 258 (response to motion for summary judgment "produced absolutely no evidentiary material"). The response that counsel did file amounted to an *ad hominem* attack on the employer's counsel and utterly failed to raise any colorable legal argument.

As to the amount of sanctions, the trial court noted that plaintiff's counsel had originally agreed to stipulate to the amount of the employer's attorney fees, but argued at hearing that the amount of the fees were inflated because two attorneys from the employer's firm worked on the case. Counsel did not present any evidence on the reasonableness of the fees, nor did he attempt to cross-examine the employer's counsel. We find that the trial court did not abuse its discretion by awarding legal fees in the amount of $5,329 as sanctions. The assigned errors are overruled.

■ Finally, we must consider the employer's motion for sanctions filed pursuant to App.R. 23 on grounds that the appeal presents no reasonable question for review.

■ App.R. 23 states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is one that presents no reasonable question for review. *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187. We find that the sanctions issue presented a reasonable question for review; therefore, we overrule the App.R. 23 motion for attorney fees.

■ We do, however, urge plaintiff's counsel to familiarize himself with App.R. 12(A) before filing his next appellate brief. Portions of plaintiff's merit brief violate App.R. 12(A) by failing to set forth reviewable assignments of error, and some of the assigned errors have not been briefed or argued. Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal. *N. Coast Cookies v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 343–344, 16 OBR 391, 392–394, 476 N.E.2d 388, 390–391; *Phillips v. Garfield Hts.* (1992), 85 Ohio App.3d 413, 421, 620 N.E.2d 86, 92. An appellate court may

disregard an unbriefed error, *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392–393, and may impose sanctions for violations of App.R. 12(A). See *Contel Credit Corp. v. Rosenblatt* (1988), 43 Ohio App.3d 113, 539 N.E.2d 708.

The judgment is affirmed.

*Judgment affirmed.*

MATIA, P.J., and PORTER, J., concur.