OPINION
Appellant, Leader Builders, Inc. ("Leader"), appeals the award by Cleveland Municipal Court Judge Cooney of attorney fees to appellee, ABC Check Cashing, Inc. ("ABC"), as sanctions against it and its attorney for violation of Civ.R. 11 and R.C. 2323.51. For the following reasons, we reverse in part and remand.
Leader issued a check for $1,400 to Mark Viny and then placed a stop payment order on it with its bank. Viny, who frequently cashed checks from Leader at a particular ABC location, presented this check at a different ABC location. ABC verified with the bank that there were sufficient funds in the Leader account, but did not inquire whether any stop payment order had been placed on it, and cashed the check for Viny. Leader, thereafter, did not request the return of its first check from Viny and issued a second $1,400 check to him which he also negotiated. When Leader's bank would not honor the first Leader check, ABC looked to Leader for payment.
The litigation between ABC and Leader began when ABC, a corporation, filed a complaint in the small claims division of the Cleveland Municipal Court, signed by its Collection Manager, Joseph Brown, to collect on the $1,400 check. Leader filed a counterclaim alleging ABC was negligent by not verifying the validity of its check and prayed for $40,000 in actual and punitive damages. Leader also filed a third-party complaint against Mark Viny. This removed the suit from the small claims division and ABC retained an attorney at this point.
After trial on August 4, 1997, Judge Cooney awarded ABC $1,400 plus costs on its complaint, ruled in favor of ABC on Leader's counterclaim, and dismissed Leader's third-party complaint for want of prosecution. In its August 4, 1997 Judgment Entry entering the verdicts, the Judge noted that ABC proved it was a holder in due course of the check entitled to payment. The judge also noted that Leader's defense, the notification of ABC of the stop payment order, was based on incredible testimony.
ABC filed a Motion for Sanctions based upon Civ.R. 11 and R.C.2323.51 against Leader and its attorney. On February 12, 1998, the trial court awarded ABC $3,200 for reasonable attorney fees as sanctions against Leader and its attorney, jointly and severally. In its judgment entry the trial court stated:
 Hearing held on plaintiff's [ABC's] Motion for Sanctions. The Court finds that defendant [Leader] engaged in frivolous conduct by asserting a counterclaim which had no evidentiary support and which was not warranted under existing law. This frivolous conduct adversely affected plaintiff which had to retain counsel, having originally filed the case in the small claims division. The Motion for Sanctions is granted.
The record on this appeal was filed by the trial court pursuant to App.R. 9(C). In its Statement of Proceedings, the trial court stated its reasons underlying the award of sanctions:
 Leader Builders turned a simple $1400 claim filed in small claims court in June 1995 into a $40,000 claim for punitive damages for which ABC was required to hire counsel, pursue discovery, and ultimately go to trial. Leader Builders never pursued discovery but relied solely on its public policy argument that check-cashing outlets should be regulated just like banks. Furthermore, no effort was made to settle the case by Leader Builders which felt so strongly that ABC was totally to blame for cashing a check for which Leader had placed a stop payment with its bank.
 The Court repeatedly asked counsel for Leader Builders for evidence to refute ABC's evidence and claims as set forth in its August 7, 1997 brief. Counsel for Leader Builders relied solely on his claim that the State of Ohio does not regulate the checkcashing industry and that ABC should be held to banking standards. Leader Builders produced no evidence to support its filing a $40,000 counterclaim or the allegations set forth in the counterclaim. I.
Although Leader violated App.R. 19 in filing its brief, this court will, nevertheless, consider it in rendering its decision. Leader's second assignment of error reads:
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S JUDGMENT FOR FRIVOLOUS CONDUCT WHERE APPELLANTS HAD REASONABLE BELIEF AND FACTUAL GROUNDS TO SEEK RELIEF IN SMALL CLAIMS COURT, AND WHICH CALLED FOR THE EXTENSION, MODIFICATION, OR REVERSAL OF EXISTING LAW.
Leader argues in its assignment of error that the trial court abused its discretion by awarding sanctions against it because it reasonably investigated the facts underlying its counterclaim, and did not act frivolously because its public policy argument is sound in that the existing law should be reversed.
R.C. 2323.51 reads in pertinent part:
(A) As used in this section:
(1) "Conduct" means any of the following:
 (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action;
 (2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmates or other party's counsel of record that satisfies any of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 (iii) Allegations or other factual contentions have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
* * *
A trial court's imposition of sanctions pursuant to R.C.2323.51 will not be overturned unless the trial court has abused its discretion. Taylor v. Franklin Blvd. Nursing Home (1996),112 Ohio App.3d 27, 3031, 677 N.E.2d 1212, 1214. "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,161, 553 N.E.2d 597, 601, citing Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252.
It cannot be said that Judge Cooney abused her discretion in imposing sanctions. At hearing, she determined that Leader and its attorney filed exaggerated claims against ABC without evidentiary support causing ABC to expend attorney fees where the law was clear that Leader was required to pay on the check. This activity is clearly within the definition of frivolous conduct. R.C.2323.51(A)(2)(a)(i), (ii), or (iii).
We note, however, that the calculation of the monetary sanction appears to have been based, in part, upon ABC's need to retain counsel after removal of its complaint from the small claims division. Its complaint was drafted and signed by a non-lawyer. R.C. 1925.17, which appears to permit such management of legal actions by lay persons for a corporation, has been declared unconstitutional. Alliance Group, Inc. v. Rosenfield (1996)115 Ohio App.3d 380, 685 N.E.2d 570. ABC would have had to retain a lawyer in order to file its complaint against Leader in the small claims action and, insofar as the judges decision on monetary sanctions appears to be based, in part, upon its need to retain counsel, as opposed to reasonable attorney fees resulting from the frivolous conduct of Leader, we reverse, and remand for consideration consistent with this opinion.
 II.
Leader's first assignment of error, states:
 I. THE TRIAL COURT ERRED IN GRANTING JUDGMENT OF ATTORNEYS FEES AGAINST LEADER BUIDERS (SIC) WHERE APPELLEES DID NOT SHOW THAT THE CONDUCT AT THE TIME OF FILING THE COUNTERCLAIM WAS A BAD FAITH AND A WILLFUL VIOLATION OF CIVIL RULE 11.
In view of the foregoing, this assignment of error is rendered moot and need not be addressed. App.R. 12(A)(1)(c).
Judgment affirmed in part, reversed in part, and remanded.
It is ordered that appellee and appellant are to share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCUR
JAMES M. PORTER, A.J., CONCURS IN JUDGMENT ONLY.
ANNE L. KILBANE, J.,