OPINION
Denver and Elinor Sturgill, defendants-appellants, appeal a decision of the Franklin County Municipal Court, Environmental Division. The court granted a motion to dismiss appellants' counterclaim made by the Franklin County District Board of Health, plaintiff-appellee. We affirm.
On August 1, 1997, appellee filed a complaint against appellants requesting the trial court grant appellee injunctive relief. See Franklin Cty. Dist. Bd. of Health v. Sturgill (Sept. 28, 1999), Franklin App. No. 99AP-273, unreported (1999 Opinions 3901). Appellee claimed in its complaint that appellants owned property in Lockbourne, Ohio, and that they had "failed to properly abandon the individual household sewage disposal system(s) servicing the properties and connect to the available sanitary sewerage system." Appellee requested the court to "declare the property to be a nuisance, and permanently enjoin and restrain [appellants] from maintaining said conditions and practices which specifically violate Franklin County Health Department Sanitary Regulation [Health Reg."] 701 and Ohio Administrative Code 3701-29-02." Health Reg. 701.02(M) states that "[w]henever a sanitary sewerage system becomes available to the property, the household sewage disposal system shall be abandoned and the house sewer directly connected to the sewerage system."
In their answer filed on October 21, 1997, appellants included a counterclaim against appellee. In their counterclaim, appellants asserted the following claims against appellee: (1) selective and/or discriminative enforcement; (2) harassment; and (3) attempted confiscation of appellants' property.
On January 28, 1998, Denver Sturgill appeared at a hearing before the trial court without counsel. Denver Sturgill indicated that he needed to obtain counsel and that he did not intend to represent himself. The trial court proceeded with the hearing and held that appellants were required to have their property connected to the sanitary sewer. We reversed the trial court's decision in Franklin County Dist. Bd. of Health v.Sturgill (Dec. 15, 1998), Franklin App. No. 98AP-379, unreported (Memorandum Decision), holding that the trial court abused its discretion in failing to grant a reasonable continuance in order to allow appellants to retain counsel. We also stated that "[a]ppellants are entitled to a bench trial and not a jury trial, as they did not timely request a jury." Id.
On February 3, 1999, a hearing was held before the trial court in which appellee presented their claim for injunctive relief against appellants. The trial court held that appellee was "entitled to the injunctive relief it seeks" and ordered appellants to abandon their current household sewage disposal system and lawfully connect to the sanitary sewer. Appellants appealed the trial court's decision to this court and we affirmed the trial court's decision in Franklin Cty. Dist. Bd. of Health v.Sturgill (Sept. 28, 1999), Franklin App. No. 99AP-273, unreported (1999 Opinions 3901).
On March 24, 1999, a hearing was held before the trial court concerning appellants' counterclaim. Before opening statements, appellants (representing themselves) made a motion for a jury trial. The court found that appellants were not entitled to a jury trial based upon the reasoning indicated in an entry filed on February 26, 1999, which stated:
 This Court believes that because [appellants] waived their right to a jury trial for the trial that took place on January 27, 1998, because the Court of Appeals' language on page six of its decision said [appellants] are only entitled to a bench trial, and not a jury trial, and because the jury deposit fee was not paid 14 days after the October 17, 1997 pleading demanding a jury trial was filed, [appellants] are not entitled at this time to a jury trial on their counterclaim.
Appellants also made a motion for their case to be transferred to the court of common pleas. Appellants argued that the environmental court did not have jurisdiction to hear the case. The court held that since appellee originally filed a complaint against appellants for injunctive relief concerning the enforcement of a local regulation of appellee, pursuant to R.C.1901.131 and 1901.181, the court had jurisdiction to try their case.
After appellants had presented their opening statements, appellee made a motion that appellants' three counterclaims should be dismissed. Appellee argued that "[n]o matter what facts [appellants] submit into evidence, they cannot prevail on any of the counts." After a discussion between the trial court and the parties concerning the evidence appellants would present in their case, the trial court granted appellee's motion to dismiss appellants' counterclaim. The trial court stated in its judgment entry:
 Following [appellants'] opening statements on their counterclaim, [appellee] moved to dismiss the three counts of [appellants'] counterclaim. The Court dismissed count one for the reason that as a matter of law, based on facts already in the record of these proceedings, [appellants] cannot prove selective enforcement. The Court dismissed counts two and three based, among other reasons, on the doctrine of res judicata. In a prior action * * * [appellants] attempted to assert these same claims.[1]
On March 29, 1999, appellants filed a notice of appeal for the trial court's ruling on their counterclaim heard on March 24, 1999. Appellants present the following assignments of error:
First Assignment of Error
 See transcript, Page 7, Line[s] 10, 11, 13, and Page 9, Lines 12 and 13.
 Second Assignment of Error
See transcript, Pages 10, Lines 3, 4, 19 and 20.
Third Assignment of Error
 See Transcript, Page 15, Lines 1 through 20; Page 19, Lines 16 through 20; Page 44, Lines 8 through 15; and Page 38, Lines 5 through 11.
 Fourth Assignment of Error
See Transcript, Page 17, Lines 8 through 25.
Fifth Assignment of Error
See Transcript, Page 41, Lines 13 through 16.
Sixth Assignment of Error
 The Court erred in exhibiting bias in favor of the Plaintiffs-Appellees.
 Seventh Assignment of Error
The Trial Court and Appeals Court erred.
App.R. 12(A)(2) states that an appellate court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(3) requires the appellant to include in its brief a "statement of the assignments of error presented for review * * *." "Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal." Taylor v. Franklin Boulevard NursingHome, Inc. (1996), 112 Ohio App.3d 27, 32. An appellate court has the discretion to disregard any error not separately assigned and argued. Combs Schaefer v. Hoover (Aug. 2, 1999), Butler App. No. CA98-05-106, unreported.
 * * * [T]he generous construction of pro se filings does not require trial courts to conjure up questions never squarely asked by the litigant. * * * Likewise, such generosity should not require appellate courts to manufacture errors not assigned by the appellant, especially in light of the affirmative duties imposed by the appellate rules cited above. * * *
Simms v. Lane (Aug. 5, 1996), Hocking App. No. 95CA25, unreported.
In the present case, appellants have failed to designate specific rulings in their first five assignments of error. Instead, appellants include only citations to the record for their assignments of error. Therefore, we find that appellants have failed to comply with App.R. 16(A)(3). Without having a statement of why the trial court erred within the assignment of error, we are forced to search appellants' brief to discern what error appellants assign on their appeal.
We note that appellants are acting pro se. However, when a person chooses to represent himself, that person "is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors." Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, unreported (1997 Opinions 3407, 3421), dismissed (1997), 80 Ohio St.3d 1476, following Meyers v. FirstNatl. Bank (1981), 3 Ohio App.3d 209, 210. Justice Thomas Moyer wrote that "[p]ersons who choose to represent themselves in judicial proceedings are entitled to no greater constitutional protections than those who choose to be represented by counsel."Justice v. Kolb (June 3, 1980), Franklin App. No. 79AP-768, unreported (1980 Opinions 1583, 1588). We also note that when appellants have previously represented themselves before this court, they have included arguments within their assignments of error.
However, even though appellants failed to comply with App.R. 16(A)(3), in the interests of justice, we will discuss the arguments appellants present in their brief. Appellants argue that the trial court erred in denying them a jury trial. However, considering the fact that the trial court dismissed appellants' case before it was tried, unless appellants show that this dismissal was improper, their jury issue is moot. Additionally, we have previously stated concerning this issue that appellants "are entitled to a bench trial and not a jury trial, as they did not timely request a jury." Franklin County Dist. Bd. of Healthv. Sturgill (Dec. 15, 1998), Franklin App. No. 98AP-379, unreported (Memorandum Decision).
Appellants also argue that the trial court erred in failing to transfer their case to the common pleas court. However, appellants fail to provide any argument in their appellate brief as to why the trial court erred in this determination. See App.R. 16(A)(7). Appellants contend that the trial court failed to "address the issue of failures of witnesses to respond to subpoenas." However, a review of the subpoenas shows that they were not served in accordance with the Civil Rules of Procedure because appellants served the subpoenas. See Civ.R. 45(B).
Appellants also claim that the trial court erred in allowing appellee to file its answer to appellants' counterclaim out of time. A review of the March 24, 1999 hearing transcript shows that when asked whether appellants objected to appellee's motion to file their answer out of time, Denver Sturgill stated "No." Additionally, a trial court's decision to extend time after the expiration of the specified period permitted for the act to be done "is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." State ex rel. Lindenschmidt v. Butler Cty. Bd. ofCommrs. (1995), 72 Ohio St.3d 464, 465.
Appellants further argue that the trial court erred in dismissing their claims based upon res judicata. A review of the record shows that appellants are correct in this assertion. However, "when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial." State v. Payton (1997), 124 Ohio App.3d 552, 557. Additionally, a review of the trial court's judgment entry shows that res judicata was not the sole basis for the trial court dismissing appellants' counterclaim. Appellants do not challenge the trial court's other reasons. Accordingly, appellants first, second, third, fourth, and fifth assignments of error are overruled.
In appellants' sixth and seventh assignments of error, appellants assign errors for us to review within their assignments of error. However, appellants failed to provide any arguments in their appellate brief to support their assigned errors. App.R. 16(A)(7) states that appellant shall include in his or her brief an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12 allows an appellate court to disregard an assignment of error presented for review if the raising party "fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).
 An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal."
State v. Watson (1998), 126 Ohio App.3d 316, 321, quoting State v.McGuire (Apr. 15, 1996), Preble App. No. CA95-01-001, unreported, (citations omitted). Since appellants failed to comply with App.R. 16(A)(7) concerning their sixth and seventh assignments of error, appellant's sixth and seventh assignments of error are overruled.
Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.
[1] Appellants had filed a complaint in the Franklin County Court of Common Pleas on April 25, 1995, naming as defendants the Village of Lockbourne, the Franklin County Board of Commissioners, and "John and/or Jane Doe." Appellants alleged in the complaint that the defendants trespassed on appellants' properties and conspired with unknown defendants to deprive appellants of the full use and enjoyment of their properties. The trial court granted a motion to dismiss filed by the defendants pursuant to Civ.R. 12(B)(6). We affirmed the trial court's decision inSturgill v. The Village of Lockbourne (Oct. 28, 1997), Franklin App. No. 97APE01-139, unreported (1997 Opinions 4388).