DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Robert Moore, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On September 8, 1998, appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(f) and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), with a major drug offender specification. Appellant entered a not guilty plea.
 {¶ 3} On October 27, 1998, appellant filed a motion to suppress, arguing that there was no legal basis for the stop and ensuing search and seizure. A hearing on the motion was held on November 4, 1998. Following the submission of supplemental briefs, the trial court denied the motion.
 {¶ 4} Appellant's trial commenced on June 21, 1999, and continued on June 22, 1999. On June 22, 1999, the jury found appellant guilty of the counts charged. On June 23, 1999, appellant's sentencing hearing was held; appellant was sentenced to a term of ten years on the possession of crack cocaine count, to be served concurrently with a term of eleven months on the possession of cocaine count. Appellant was sentenced to a term of five years on the major drug offender specification.
 {¶ 5} Appellant filed a motion for a new trial on July 27, 1999. On August 9, 1999, the state filed a memorandum in opposition to appellant's motion for a new trial. On August 11, 1999, retained counsel for appellant filed a motion to stay proceeding on the motion for a new trial; in this motion, counsel stated that appellant wished to replace counsel. On August 17, 1999, appellant and his co-defendant filed a pro se motion to stay proceeding on the motion for a new trial in order to obtain additional affidavits. On August 18, 1999, the trial court granted appellant's motion to stay proceedings. New counsel filed a notice of appearance on January 10, 2000, and filed a motion for a new trial on February 15, 2000. The state filed an opposition to this second motion for a new trial on February 29, 2000.
 {¶ 6} On April 26, 2000, the trial court denied appellant's motion for a new trial. On May 26, 2000, appellant filed a notice of appeal of his conviction and the denial of his motion for a new trial. On June 15, 2000, this court sua sponte dismissed appellant's appeal of the July 1999 conviction as untimely. In January 2001, this court sua sponte dismissed appellant's appeal as to the denial of his motion for a new trial for failure to file a brief. In April 2001, upon appellant's pro se application for reconsideration, this court reinstated the appeal on the grounds that appellant's counsel was ineffective; new counsel was appointed. In July 2001, this court granted appellant's newly appointed counsel's motion to appeal the original 1999 conviction.
 {¶ 7} Edward J. Fischer, appellant's court-appointed counsel, has filed a brief with this court together with a motion to withdraw as counsel, pursuant to the guidelines set forth in Anders v. California
(1967), 386 U.S. 738. In Anders, the United States Supreme Court established five criteria which must be met before a court may grant appellate counsel's motion to withdraw. Id. at 744. The five criteria are: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel; (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744. All five criteria have been met in this case.
 {¶ 8} Appellant's court appointed counsel indicates that a thorough review of the record resulted in a determination that the appeal was without merit and that he so advised appellant. Counsel states further that he provided appellant with a copy of the brief and advised appellant of his right to file his own brief. The brief filed by appellant's counsel contains the following two proposed assignments of error:
 {¶ 9} "First proposed assignment of error
 {¶ 10} "As defendant-appellant was entrapped and his trial counsel failed to prove the same, he was subjected to ineffective assistance of counsel.
 {¶ 11} "Second proposed assignment of error
 {¶ 12} "The trial was tainted with misconduct on the prosecutor's part by virtue of his failure to provide all facts at the suppression hearing and his failure to consider the confidential informant as the crime's perpetrator."
 {¶ 13} On May 28, 2002, appellant filed a pleading captioned "POINTS OF APPELLANT PURSUANT TO ANDERS." The document appellant has submitted as a brief does not contain a statement of the assignments of error as required by App.R. 16(A)(3), but rather, a series of "arguments".[1] We construe the text of appellant's brief as raising the following assignments of error:
 {¶ 14} 1. that the trial court erred in denying his motion to suppress;
 {¶ 15} 2. that the trial court erred in denying his motion for acquittal as there was insufficient evidence;
 {¶ 16} 3. that appellant received ineffective assistance of trial counsel in that trial counsel did not ask for instructions appropriate to the defense asserted and trial counsel did not ask for instructions in regard to the confidential informant's ("CI") testimony;
 {¶ 17} "4. that the trial court committed plain error in not giving instructions appropriate to the defense asserted and instructions in regard to the informant's testimony;
 {¶ 18} 5. that the State committed a Brady violation in failing to disclose the involvement of the CI's wife with the police; and
 {¶ 19} 6. that R.C. 2941.10(B), the major drug offender specification, is unconstitutional.
 {¶ 20} The state did not file an appellee's brief. App.R. 18(C) discusses the consequences of the failure of an appellee to file a brief:
 {¶ 21} "* * * If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Although appellee failed to file a brief, we decline to follow App.R. 18(C) in this case because appellant's briefs have failed to convince us that errors occurred in the trial court.
 {¶ 22} This court will discuss some of the assignments of error in an order other than presented and will address the potential assignments of error raised by appointed counsel together with the assignments of error raised by appellant as some are interrelated. Appellant first argues that the trial court erred in denying his motion to suppress. This court finds no merit in this assignment of error.
 {¶ 23} On the authority of State v. Glover (November. 9, 2000), Lucas App. No. L-99-1412, and State v. Edwards, 6th Dist. App. Nos. L-00-1190, L-00-1149, 2002 Ohio 5502[2], and this court's agreement with the trial court's finding of probable cause[3] to justify a warrantless search of his vehicle, this court finds that the trial court properly denied appellant's motion to suppress.
 {¶ 24} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 25} In his second assignment of error, appellant argues that the trial court erred in denying his motion for acquittal as there was insufficient evidence. This court finds no merit in this assignment of error.
 {¶ 26} At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The motion was denied. The defense presented its case. Appellant moved for acquittal again after presentation of his defense.
 {¶ 27} A motion for acquittal will be sustained if the evidence presented is insufficient as a matter of law to permit a conviction. Crim.R. 29(A)[4]; State v. Pickett (1996), 108 Ohio App.3d 312, 314. "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In essence, sufficiency is a test of adequacy. Whether the evidence presented in a case is legally sufficient to sustain a verdict is a question of law and a conviction based upon legally insufficient evidence constitutes a denial of due process. Id. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Id. at 390 (Cook, J., concurring).
 {¶ 28} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Stated in other words: "An appellate court * * * will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt."State v. Miley (1996), 114 Ohio App.3d 738, 743. When an appellate court reviews a trial court's decision regarding a motion for acquittal, the appellate court must construe the evidence in a light most favorable to the state. State v. Fyffe (1990), 67 Ohio App.3d 608, 613; State v.Wolfe (1988), 51 Ohio App.3d 215, 216. Further, upon appellate review, the court may not substitute its judgment for the trier of fact on issues as to the credibility of witness testimony. State v. Walker (1978),55 Ohio St.2d 208, 212. After reviewing the record of proceedings in the trial court, we find that the evidence was such that reasonable minds could reach different conclusions as to whether each element of the offenses was proven beyond a reasonable doubt.
 {¶ 29} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 30} This court will next discuss the first proposed assignment of error raised by appointed counsel together with the third assignment of error raised by appellant as both assert ineffective assistance of trial counsel. This court finds no merit in these assignments of error.
 {¶ 31} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorneys' deficient performance. Id. at 693.
 {¶ 32} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338,351.
 {¶ 33} It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. State v. Martens,90 Ohio App.3d at 351. Effective assistance of counsel does not guarantee results. Statev. Longo (1982), 4 Ohio App.3d 136, 139.
 {¶ 34} In the first proposed assignment of error, appellate counsel contends that trial counsel was ineffective for failing to prove appellant was entrapped. This court finds no merit in this assignment of error.
 {¶ 35} "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Statev. Doran (1983), 5 Ohio St.3d 187, paragraph one of the syllabus. "Entrapment is a `confession and avoidance' defense in which the defendant admits committing the acts charged, but claims that the criminal design arose with the state's agent * * *. The primary consideration in any determination of entrapment is the defendant's predisposition to commit the crime." State v. Johnson (1982),4 Ohio App.3d 308, 310. However, the defense of entrapment is inapplicable to this case since the accused must admit his participation in the conspiracy and then show that he lacked the predisposition to commit the offense. That was not the defense asserted.
 {¶ 36} In his third assignment of error, appellant claims that his trial counsel was ineffective for failing to request jury instructions based upon appellant's theory of the case and for failing to request jury instructions in regard to the CI's testimony. This court finds no merit in this assignment of error.
 {¶ 37} Generally, the failure to request jury instructions is purely a matter of trial tactics and will not be disturbed upon review.State v. Clayton (1980), 62 Ohio St.2d 45, 47-49, cert. denied (1980),449 U.S. 879. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart (1988), 57 Ohio App.3d 4, 10.
 {¶ 38} This court has reviewed the performance of appellant's trial counsel in light of the errors of practice asserted in the first proposed assignment of error and appellant's third assignment of error. This court concludes, on the state of this record, that appellant has failed to demonstrate that his trial attorney's conduct at trial was ineffective in his representation.
 {¶ 39} The record reflects that counsel presented sound arguments to the court and jury, he challenged the testimony of witnesses by vigorous cross-examination, and he made timely objections. Appellant's counsel was able to elicit conflicting testimony from the state's witnesses. However, inconsistent testimony is a matter for determination by the jury. "Where the evidence at trial is conflicting, the determination of what occurred is a question for the trier of fact and an appellate court may not, in reviewing that decision, substitute its judgment for that of the fact finder." State v. Wise (January. 29, 1993), Wood App. No. 91WD113. See, also, State v. Jenks (1991),61 Ohio St.3d 259, 273. Appellant has not met the burden of proving that his trial counsel was ineffective.
 {¶ 40} Furthermore, appellant has failed to show that his trial counsel's actions or inactions were prejudicial. In order to prevail on this assignment of error, appellant must show that "* * * there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. * * *" Strickland, 466 U.S. at 669.
 {¶ 41} Accordingly, the first proposed assignment of error and appellant's third assignment of error are found not well-taken.
 {¶ 42} In his fourth assignment of error, appellant contends the trial court committed plain error when it failed to give jury instructions based upon appellant's theory of the case and failed to give jury instructions in regard to the CI's testimony. This court finds no merit in this assignment of error.
 {¶ 43} As previously discussed in regard to appellant's third assignment of error, his trial counsel did not request these jury instructions. "On appeal, a party may not assign as error the giving or failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). However, we may consider whether plain error occurred pursuant to Crim.R. 52(B): "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. An omitted instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 44} Upon review of the instructions to the jury, we find the trial court's failure to instruct as asserted by appellant did not constitute plain error. The trial court gave instructions on credibility of witnesses, the application of tests of truthfulness and belief or disbelief of witnesses as well as instructions on the elements of the crimes charged. The jury instructions accurately stated the law relevant to the case.
 {¶ 45} Accordingly, appellant's fourth assignment of error is found not well-taken.
 {¶ 46} In his fifth assignment of error, appellant contends that the state committed a Brady violation in failing to disclose that the CI's wife paged the CI at the request of the police, which appellant characterizes as her "involvement" with the police. This court finds no merit in this assignment of error.
 {¶ 47} Brady v. Maryland (1963), 373 U.S. 83, created a duty in the state to disclose material exculpatory to the defense. In UnitedStates v. Agurs (1976), 427 U.S. 97, 103, the Supreme Court stated:
 {¶ 48} "The rule of Brady * * * arguably applies in three quite different situations. Each involves the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." (Emphasis added.) See also, State v. Wickline (1990),50 Ohio St.3d 114, 116 (holding that a Brady violation occurs only where the suppressed evidence is discovered after trial.) Thus, where the evidence is ultimately presented at trial, no Brady violation occurs.
 {¶ 49} During the trial, appellant learned that the CI's wife paged the CI after the police found cocaine buried by his swimming pool. Thus, appellant learned during trial that the CI's wife had some involvement with the police. As the "involvement" of the CI's wife was presented during the trial, there exists no Brady violation.
 {¶ 50} Accordingly, appellant's fifth assignment of error is found not well-taken.
 {¶ 51} In the second proposed assignment of error, it is asserted that appellant's trial was tainted by misconduct on the prosecutor's part by virtue of his failure to provide all the facts at the suppression hearing and by his failure to consider the CI as the crime's perpetrator. This court finds no merit in this assignment of error.
 {¶ 52} Appellant fails to point out any specific misconduct on the prosecutor's part or identify which facts the prosecutor failed to provide. This court has already reviewed appellant's suppression hearing in regard to his first assignment of error. Upon our independent review, we find no misconduct on the prosecutor's part.
 {¶ 53} In the second proposed assignment of error, appellant also asserts that the prosecutor failed to consider the CI as the crime's perpetrator. Again, appellant fails to support this assertion with any argument.
 {¶ 54} Accordingly, the second proposed assignment of error is found not well-taken.
 {¶ 55} In his sixth assignment of error, appellant contends that R.C. 2941.10(B), the major drug offender specification, is unconstitutional. This court finds no merit in this assignment of error.
 {¶ 56} On the authority of State v. Elkins, 148 Ohio App.3d 370,2002 Ohio 2914, and State v. McCoy (November. 9, 2001), Hamilton App. No. C-000659 and C-000660, this court finds that R.C. 2941.10(B), the major drug offender specification, is not unconstitutional.
 {¶ 57} Accordingly, appellant's sixth assignment of error is found not well-taken.
 {¶ 58} Pursuant to Anders, this court is required to review the record independently to determine that appellate counsel has made a diligent, thorough and sound effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. This court's own thorough and independent review of the record in this case fails to demonstrate any arguable issues.
 {¶ 59} Therefore, this court finds this appeal to be without merit. The motion to withdraw filed by appellant's appointed counsel is found well-taken and is granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., concur.
[1] "Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal." Taylor v. Franklin Blvd.Nursing Home, Inc. (1996), 112 Ohio App.3d 27, 32. Specific assignments of error "may dispute the final judgment itself or other procedural events in the trial court." North Coast Cookies, Inc. v. SweetTemptations, Inc. (1984), 16 Ohio App.3d 342, 343. See also Whiteside, Ohio Appellate Practice (2003 Ed.) 106, § T5.13.
[2] Edwards was appellant's co-defendant.
[3] The trial court found that the information received from the confidential informant, combined with independent police work, established probable cause to believe that appellant's vehicle contained contraband.
[4] Crim.R. 29(A) states that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses."