[Cite as *In re Estate of Weiner*, 2020-Ohio-1527.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| THE ESTATE OF JOEY WEINER, DECEASED | : | Appellate Case No. 28585 |
| | : | |
| | : | Trial Court Case No. 98-EST-322246 |
| | : | |
| | : | (Appeal from Common Pleas Court – Probate Division) |
| | : | |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of April, 2020.

. . . . . . . . . . .

ROBIN D. MILLER, Atty. Reg. No. 0074375, 600 Vine Street, Suite 2800, Cincinnati, Ohio 45202
    Attorney for Appellee Estate of Joey Weiner

DAVID P. WILLIAMSON, Atty. Reg. No. 0032614 & JUSTINE Z. LARSEN, Atty. Reg. No. 0095525, 6 North Main Street, Suite 400, Dayton, Ohio 45402
    Attorneys for Appellant Harry Weiner

. . . . . . . . . . . .

HALL, J.

{¶ 1} Harry Weiner (Harry)[1] appeals the order of the Montgomery County Court of Common Pleas, Probate Division, authorizing the executor of the Estate of Joey Weiner to pay attorney's fees for services rendered to the estate after June 22, 2005, and on or before June 30, 2009. The probate court had categorically disallowed these fees in a prior judgment, but we reversed the court's judgment as it related to this determination and remanded with instructions for the probate court to evaluate the services individually. *See In re Estate of Weiner*, 2019-Ohio-2354, 138 N.E.3d 604 (2d Dist.). The probate court had already held an evidentiary hearing on the matter, and we left it to the court to decide whether another hearing was needed. Harry argues that the probate court failed to comply with our instructions and also argues that the court should have held another hearing. We disagree with both arguments, and we affirm the probate court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Joey Weiner died in May 1998. In her will, she made her three sons, Dan Weiner, Harry Weiner, and Ted Weiner, the beneficiaries of her estate, and she nominated Ted to serve as executor. The will was admitted to probate in June 1998 with Ted as executor. Ted later retained an attorney with the law firm of Porter, Wright, Morris & Arthur (PWMA) to help administer the estate.

{¶ 3} The brothers have been fighting over their mother's estate for over 20 years now. We need not rehash the whole history here. We begin in August 2010, when Ted filed the estate's sixth account and an application for authority to pay attorney's fees.

*The application for authority to pay attorney's fees*

{¶ 4} In the application, Ted sought permission to pay PWMA $282,353.75 for

---

[1] Because several family members are involved in this case, we use first names for clarity.

services rendered from November 18, 2002, to May 27, 2009, and to pay another law firm, Graydon Head & Ritchey LLP, $10,842 for services rendered between July 2008 and June 30, 2009. Harry and Dan jointly, in addition to submitting exceptions to the sixth account, objected to the application for authority to pay attorney's fees. A hearing was held before a magistrate over six days, beginning in December 2010 and ending in February 2011. The magistrate recommended that the account and the application be approved, and Harry and Dan each filed objections with the probate court.

{¶ 5} The probate court sustained some of the objections and overruled others. As to the application for authority to pay attorney's fees, the court approved paying attorney's fees of $116,828.68, less than half of the requested amount. The court categorically disapproved all fees for services rendered after June 22, 2005. The court explained in its Entry on the Sixth Account that at the end of June 2005, Ted and PWMA began trying "to obtain [attorney's] fees incurred in litigating" the estate's fifth account, in which Ted and PWMA had already "sought [recovery of the attorney's] fees incurred in administering the Estate." The probate court said that the "fees incurred from that point forward were 'fees on fees on fees,' or [in other words,] a second regression of * * * litigation" over attorney's fees. The court called "these 'fees on fees on fees' unreasonable from the Estate's perspective" because the filing of multiple applications for authority to distribute "resulted in additional discovery disputes and hearings, further complicating and delaying * * * the closing of the Estate" for "another ten years."

*Appeal of the attorney's fees decision*

{¶ 6} In August 2016, the probate court approved a final account for the estate. Harry and Dan appealed, and the estate cross-appealed. The estate argued in its cross-

assignment of error that the probate court erred by denying it authority to pay all the attorney's fees requested in its August 2010 application, including the categorical denial of all fees for services rendered after June 22, 2005. We overruled Harry's and Dan's assignments of error, but we found merit in the estate's cross-assignment of error: "Regarding attorney's fees incurred by Ted Weiner, as executor, we find that the Probate Court erred when it summarily denied authorization for the Estate to pay any attorney's fees incurred after June 22, 2005; otherwise, we affirm the court's rulings on the Estate's payment of attorney's fees." *Weiner*, 2019-Ohio-2354, 138 N.E.3d 604, at ¶ 78. We found that the court had "unreasonably disregarded the circumstances by characterizing the entirety of Ted and PWMA's activity * * * as devoted solely to the collection of fees." *Id.* at ¶ 36. We said the probate should not have summarily disapproved the fees "without reviewing the nature of the services for which those fees were claimed or the circumstances in which the services were rendered." *Id.* at ¶ 41.

{¶ 7} Consequently, we reversed the described part of the trial court's judgment and remanded the case. "On remand," we instructed, "the court must evaluate all services that were rendered after June 22, 2005, and on or before June 30, 2009, indicating in each instance the reason for which payment is authorized or not authorized, whether in part or whole." *Id.* at ¶ 43. "Having already held a hearing and received evidence on these fees," we continued, "the court, in its discretion, may determine that no further hearing or submission of evidence is necessary." *Id.*

*Remand in the probate court*

{¶ 8} On remand, the probate court determined that no additional hearing or submission of additional evidence was necessary. The court reviewed all the services

that were rendered by the estate's attorneys during the pertinent time period. In a written order, the court listed the services that it determined were reasonable and rendered for the benefit of the estate. The court also listed the services that it determined should be paid only in part or should be denied altogether and stated the reason for each partial payment or denial. Lastly, the court reviewed the costs that the attorneys charged the estate and allowed a portion of them. In all, for the services rendered after June 22, 2005, and on or before June 30, 2009, the probate court authorized the estate to pay attorney's fees of $100,984.87.

{¶ 9} Harry Weiner appeals.

## II. ANALYSIS

{¶ 10} Harry assigns two errors to the probate court. The first claims that the court failed to comply with our remand instructions, and the second challenges the probate court's decision not to hold another hearing.

### A. Remand instructions

{¶ 11} The first assignment of error alleges:

THE PROBATE COURT ERRED BY FAILING TO COMPLY WITH THIS COURT'S INSTRUCTIONS ON REMAND.

Harry argues that in its decision authorizing the payment of attorney's fees, the probate court failed to follow our remand instructions.

{¶ 12} In our opinion, we concluded that the probate court erred by categorically disapproving those attorney's fees claimed for services rendered after June 22, 2005. We instructed the court to "evaluate all services" that were rendered during the period and to "indicat[e] in each instance the reason for which payment is authorized or not authorized,

whether in part or whole." *Weiner*, 2019-Ohio-2354, 138 N.E.3d 604, at ¶ 43. Upon review of the probate court's order, we conclude that this is what the court did.

{¶ 13} The court attached five exhibits to its order that support its decision. The first (Exhibit 1) is comprised of a copy of the invoice from PWMA and the invoice from Graydon Head & Ritchey LLP that were submitted with the estate's August 2010 application for authorization to pay attorney's fees. Together the invoices list over 300 services that the firms rendered the estate after June 22, 2005, and on or before June 30, 2009, as well as the costs and expenses the firms charged the estate during that time period. For each service listed, there is stated the date, a person's name, a brief description, and the hours billed. Portions of numerous descriptions are redacted. On the PWMA invoice, after the list of services, there is a fee summary listing the names of the service providers, an hourly rate, and the number of hours billed at that rate. The list shows that the hourly rate of some PWMA service providers changed over the time period. Finally, each invoice ends with a list of costs or expenses that the law firm charged to the estate.

{¶ 14} The next four exhibits contain the probate court's analysis of the services and costs. Since PWMA charged varying hourly rates, in one exhibit (Exhibit 4), the court calculated an average hourly rate for each service provider. In another exhibit (Exhibit 2), the court listed the services that it determined were "reasonable and necessary services rendered for the benefit of the estate." The allowed services were organized by service provider and state the date, the hours billed, and the hours that the court approved. The court then added up the approved hours for the service provider and multiplied the sum by the person's hourly rate (averaged for PWMA service providers) to arrive at the total

fees allowed for each person. In Exhibit 3, the court listed the services that it disapproved entirely and those for which it reduced the hours. For each disapproval or reduction, the court stated the reason—most often "Information Redacted" or "Preparation of Bill." In its order, the court said that "most of the partial denials were caused by the full or partial redaction of the services rendered in each item. These redactions made it impossible for the Court to determine if the service rendered was for the benefit of the estate. Therefore, the redacted item was determined not reasonable and necessary for the estate and deducted from the total allowable fee or cost." The court also noted that it "deducted all items that were associated with the preparation of the attorney fee submission" based on a local rule.[2] A final exhibit (Exhibit 5) states the costs and expenses that the court allowed.

{¶ 15} Harry argues that these findings were insufficient. He says that for those fees that the probate court approved, our instructions required more than just a blanket statement that the fees were incurred for "reasonable and necessary services rendered for the benefit of the estate." Harry appears to think that for each approved service, the court had to state a particular reason for approving the service.

{¶ 16} We believe that the probate court complied with our instructions. We said in our opinion: "Under R.C. 2113.36, if the executor of an estate engages an attorney to assist with the administration of the estate, then reasonable attorney's fees 'paid by the

---

[2] The probate court cited Loc.R. 66.1 of the Montgomery County Common Pleas Court, Probate Division, which appears to be a mistake. It is Loc.R. 71.1 that governs attorney fees and pertinently states that "[t]ime expended by Counsel to prepare a representation agreement, to prepare and file an Application for Attorney Fees or to prepare and file an Appendix B have been determined by this Court to be the costs of counsel[']s doing business and shall not be approved for compensation from the assets of the underlying case."

executor * * * shall be allowed as a part of the expenses of administration.' The probate court must consider the factors set forth in Prof.Cond.R. 1.5(a)(1)-(8) in determining whether, or to what extent, the amount to be paid by the executor is reasonable." (Citations omitted.) *Weiner*, 2019-Ohio-2354, 138 N.E.3d 604, at ¶ 33. It is clear that the probate court here examined each service, as we instructed. And as we instructed, for each service the court gave its reason for approving or disapproving. Those services that the court approved were approved because the court determined that they were reasonable, which is the legal standard. We further believe that, in making its determination, the court would have considered the relevant factors in Prof.Cond.R. 1.5. The probate court was not required to discuss each factor that it considered for each of the 300 plus services. The law does not require such a pedantic written decision from a probate court, and neither did we. Our goal was to get the probate court to consider the services rather than simply rejecting them all categorically. This the court did.

{¶ 17} The first assignment of error is overruled.

### B. Another hearing

{¶ 18} The second assignment of error alleges:

THE PROBATE COURT ERRED BY OPTING TO FOREGO A HEARING

ON FEES BEFORE ENTERING ITS DECISION.

{¶ 19} The probate court originally held an evidentiary hearing on the relevant attorney's fees over six days, from December 2010 to February 2011. We left it in the court's discretion whether to hold another hearing or to take additional evidence on remand. "Having already held a hearing and received evidence on these fees," we said, "the court, in its discretion, may determine that no further hearing or submission of

evidence is necessary." *Weiner*, 2019-Ohio-2354, 138 N.E.3d 604, at ¶ 43. The probate court decided not to do either, finding that "no additional hearing or submission of additional evidence is necessary."

{¶ 20} Harry argues that another hearing was necessary. He says that the probate court's reliance on the original hearing was improper and resulted in it approving fees inconsistently and approving fees that should have been denied. Harry gives several examples of what he means, but it is unclear how another hearing would have helped. Harry does not assert that there was new information or additional evidence that the probate court should have considered, which could have been presented at a hearing. Nor does he assert that the original hearing was invalid. Furthermore, raising this as a problem now would itself be a problem, because Harry should have raised any inadequacy of the previous hearing in his first appeal from the final account.

{¶ 21} The probate court had before it the original fee application itemizing the services for which attorney's fees were sought and the transcript from the original hearing. Harry fails to convince us that the trial court abused its discretion by not holding another hearing on remand.

{¶ 22} The second assignment of error is overruled.

### C. Motion for sanctions

{¶ 23} As a final matter, we note that the estate has filed a motion for sanctions under App.R. 23 asking us to award attorney's fees and costs against Harry Weiner in connection with this appeal. The rule allows an appellate court to require the appellant to pay reasonable fees if the court determines that an appeal is frivolous, that is, " 'presents no reasonable question for review.' " *Springfield Venture, L.L.C. v. U.S. Bank, N.A.*, 2015-

Ohio-1983, 33 N.E.3d 85, ¶ 51 (2d Dist.), quoting *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 32, 677 N.E.2d 1212 (8th Dist.1996). After consideration, we decline to award attorney's fees for this appeal. The motion for attorney's fees is overruled.

### III. CONCLUSION

{¶ 24} We have overruled both of the assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Robin D. Miller
David P. Williamson
Justine Z. Larsen
Dan Weiner
Hon. Alice O. McCollum