OPINION
{¶ 1} Plaintiff-appellant, Loree Scott, appeals from a judgment of the Franklin County Court of Common Pleas granting defendants-appellees, The Hertz Corporation, Hertz Claim Management Corporation, and Hertz Rent-A-Car's motion for summary judgment; granting defendant-appellee, Hertz Claim Management Corporation's motion for judgment on the pleadings; granting defendant, Byers Car Rentals, LLC's motion for summary judgment; and denying plaintiff's motion for partial summary judgment on the issue of liability.
 {¶ 2} This case arises from a single-car accident that occurred on September 21, 2004. Plaintiff was a passenger in the vehicle, which was being driven by defendant Edwin J. Palmer, Jr. at the time of the accident. In November 2004, plaintiff initiated an action against various defendants, including Hertz Corporation, Hertz Claim Management Corporation, Hertz Rent-A-Car (collectively "the Hertz defendants"), and Hertz Rent-AC-ar Columbus, also known as Byers Car Rentals, LLC ("defendant Byers"). On December 13, 2004, defendant Byers filed a third-party complaint against Mr. Palmer. However, on January 28, 2005, defendant Byers voluntarily dismissed its third-party complaint against Mr. Palmer. As a result of that dismissal, on February 15, 2005, plaintiff filed an amended complaint, adding Mr. Palmer as a party-defendant. With leave of the trial court, plaintiff filed another amended complaint in April 2005.
 {¶ 3} In this action, plaintiff essentially alleges that she was involved in a September 21, 2004 accident as a result of a defect in the vehicle in which she was riding. The vehicle at issue had been rented from defendant Hertz Corporation and was being driven by Mr. Palmer at the time of the accident. While en route to Columbus, Ohio, the vehicle allegedly developed a mechanical defect or problem. Plaintiff alleges that she and Mr. Palmer contacted the roadside assistance service provided by defendant Hertz Corporation concerning the alleged problem. The service suggested that the vehicle be taken to the branch of Hertz Corporation at the Port Columbus International Airport for a vehicle exchange. An agent at the branch allegedly willfully and wantonly refused to exchange the vehicle or inspect the vehicle for defects. In addition, plaintiff alleges that Mr. Palmer negligently operated the vehicle, and that his negligence was a direct and proximate cause of the accident.
 {¶ 4} On August 17, 2005, defendant Hertz Claim Management Corporation filed a motion for judgment on the pleadings, the Hertz defendants filed a motion for summary judgment, and defendant Byers filed a motion for summary judgment. On August 18, 2005, plaintiff filed a memorandum contra the Hertz defendants' motion for summary judgment. On August 22, 2005, plaintiff filed a memorandum contra defendant Byers' motion for summary judgment and filed a motion for partial summary judgment on the issue of liability.
 {¶ 5} On August 30, 2005, the parties filed a joint motion for continuance. In said motion, the parties requested an extension of the discovery cutoff date that was set for August 30, 2005, and requested that the trial, which was scheduled to begin on November 14, 2005, be continued. The parties indicated that they filed the motion on the basis that they had been unable to take the discovery depositions of plaintiff and Mr. Palmer.
 {¶ 6} On September 20, 2005, the trial court granted the Hertz defendants' motion for summary judgment, granted defendant Byers' motion for summary judgment, denied plaintiff's motion for partial summary judgment on the issue of liability, and granted defendant Hertz Claim Management's motion for judgment on the pleadings. Also on September 20, 2005, the trial court entered a decision denying the joint motion for continuance filed August 30, 2005. In reaching its decision on the request, the trial court took notice of the stated basis of the joint motion for a continuance. However, the trial court determined that because it had granted summary judgment in favor of the Hertz defendants and defendant Byers, an extension of the discovery cutoff date and trial date was unnecessary. Therefore, the trial court denied the joint motion for continuance.
 {¶ 7} On October 6, 2005, the trial court journalized a judgment entry, wherein it rendered judgment in favor of the Hertz defendants and defendant Byers as to all claims asserted against said defendants by plaintiff. The trial court noted that the case remained pending as between plaintiff and Mr. Palmer. On October 28, 2005, plaintiff's action against Mr. Palmer was dismissed with prejudice.
 {¶ 8} Plaintiff appeals and sets forth the following two assignments of error:
ASSIGNMENT OF ERROR #1
THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS HERTZ CORPORATION, HERTZ CLAIMS MANAGEMENT, HERTZ RENT-A-CAR, AND BYERS CAR RENTALS, LLC'S MOTION FOR SUMMARY JUDGMENT WHEN THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING WHETHER AN INADEQUATE AFFIDAVIT BY A DEFENSE EXPERT WITNESS SHOULD BE WELL TAKEN WHEN THAT WITNESS EXAMINED EVIDENCE IN SUCH A MANNER THAT RENDERS IT IMPOSSIBLE FOR PLAINTIFF'S EXPERT WITNESS TO REFUTE THAT OPINION.
ASSIGNMENT OF ERROR #2
THE TRIAL COURT ERRED BY FINDING THERE WAS NO GENUINE ISSUE OF FACT WHERE A PARTY RENTS A VEHICLE FROM A NATIONAL CAR COMPANY AND CALLS THEM TO REPORT MECHANICAL DIFFICULTY WITH THE VEHICLE AND THE NATIONAL COMPANY INSTRUCTS THE PARTY TO GO TO A LOCAL OFFICE TO EXCHANGE THE CAR AND THE LOCAL OFFICE REFUSES TO EVEN EXAMINE THE VEHICLE OR EXCHANGE IT AND THERE IS A LATER COLLISION INVOLVING THAT VEHICLE'S MECHANICAL DEFECT.
 {¶ 9} Both of plaintiff's assignments of error assert that the trial court erred in granting summary judgment in favor of defendants. Appellate review of a trial court's granting of summary judgment is de novo. Mitnaul v. Fairmount PresbyterianChurch, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the movant is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 10} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In other words, the burden of demonstrating an entitlement to summary judgment rests with the moving party who must direct the court's attention to properly admissible evidence which demonstrates that the nonmoving party cannot support his or her claim or defense. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ.R. 56(E). In doing so, the nonmoving party may not simply rest upon the claims or allegations contained in the party's complaint or briefs. Carl L. Brown, Inc. v. LincolnNatl. Life Ins., Franklin App. No. 02AP-225, 2003-Ohio-2577, at ¶ 31, citing Dresher; see Civ.R. 56(E).
 {¶ 11} Additionally, Civ.R. 56(C) provides that summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," show there to be no genuine issue of material fact. Civ.R. 56(C) states that no evidence may be properly considered in connection with a motion for summary judgment, "except as stated in this rule." Civ.R. 56(E) provides, in pertinent part, as follows: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."
 {¶ 12} As a preliminary matter, we note that, although plaintiff has not alleged, by assignment of error, that the trial court prematurely ruled upon the motions for summary judgment, the timing of the trial court's granting of the summary judgment motions has been raised as an issue in this matter. In this case, the parties requested a continuance on the basis that they had been unable to take the discovery deposition of plaintiff or Mr. Palmer. In its decision granting the motions for summary judgment, the trial court essentially determined that its ruling on the summary judgment motions was not premature because plaintiff had not complied with the requirements of Civ.R. 56(F), which provides as follows:
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
The trial court noted that plaintiff had not filed an affidavit stating why she was unable to "present by affidavit facts essential to justify the party's opposition."
 {¶ 13} In addition, the parties' joint motion stated, in part, as follows: "If the Hertz Defendants are not dismissed from this case via summary judgment, they most likely will need to schedule the Plaintiff for an independent medical examination. However, this cannot be done until after the Plaintiff's deposition is taken and her current complaints are confirmed." Thus, even though the various motions for summary judgment were pending before the trial court, the joint motion for continuance did not request a delay in the trial court's resolution of those motions; that is, although the parties requested an extension of the discovery cutoff, they did not move, pursuant to Civ.R. 56(F), for a delay in the trial court's consideration of the summary judgment motions pending further discovery. See Maschariv. Tone, 103 Ohio St.3d 411, 2004-Ohio-5342, at ¶ 20. We find that the trial court did not err as to this issue.
 {¶ 14} By her first assignment of error, plaintiff contends that when the evidence is viewed in a light most favorable to her, it is clear that summary judgment was not appropriate. Plaintiff essentially makes two arguments under her first assignment of error. First, plaintiff argues that the report of the defendants' expert, Sean Doyle, is flawed, and she summarily asserts that the report is conclusory, provides no scientific basis for the conclusions, and the methodology is not sufficiently explained. Plaintiff's argument is not persuasive. The affidavit of Mr. Doyle was filed in the trial court on August 17, 2005, and indicates that he is an engineer licensed in the State of Ohio and that he examined the vehicle involved in the accident. In his affidavit, Mr. Doyle stated that, after conducting a thorough inspection of the vehicle, it was his "opinion within a reasonable degree of professional and scientific certainty that no defects or vehicle malfunction contributed to the above referenced accident on September 21, 2004." Mr. Doyle's November 8, 2004 report, regarding his inspection of the vehicle, was incorporated by reference in his affidavit. Upon review, we find that Mr. Doyle's report details his inspection procedure and his findings in regard to his examination of the vehicle.
 {¶ 15} Second, plaintiff seems to argue that summary judgment was inappropriate because it was impossible for her to bring forth evidence that the vehicle was defective considering how the vehicle was examined by the defendants' expert. Plaintiff alleges that defendants' expert "performed a destructive examination of relevant evidence" making it impossible for her to refute his conclusions. (Plaintiff's merit brief, at 3.) Plaintiff reasons that were it not for the actions of the defendants' expert witness in regard to his examination of the vehicle, her witness would have been able to refute the opinions of defendants' expert.
 {¶ 16} Plaintiff attached to her memorandum contra the Hertz defendants' motion for summary judgment a copy of an "inspection report" originally submitted to plaintiff's counsel by Stephen F. Overbeck, but no affidavit of Mr. Overbeck was filed in the trial court. Plaintiff cites to Mr. Overbeck's report as support for her argument that it was impossible for her to produce evidence demonstrating that the accident was a result of a mechanical defect in order to refute the opinion of Mr. Doyle. The report states that it was not possible to determine the position of the wheels on the vehicle at the time of the accident because both right side tire and rim assemblies had previously been removed. Even if the report is construed to support the proposition that the vehicle could not be properly inspected after Mr. Doyle's inspection, the report is not notarized or incorporated by reference in an affidavit, and Mr. Overbeck's credentials were not included with the report. Thus, the unsworn report of Mr. Overbeck is not the type of evidence that a court may consider in connection with a motion for summary judgment. See Civ.R. 56(C). Thus, plaintiff's arguments that rely on assertions in that report are not persuasive.
 {¶ 17} Based on the foregoing, plaintiff's first assignment of error is not well-taken and is overruled.
 {¶ 18} By her second assignment of error, plaintiff argues that the trial court erred in finding no genuine issue of material fact where there was evidence that both passengers in the vehicle heard the symptoms of a mechanical defect that allegedly caused the single-car accident. Defendant Byers argues that plaintiff has not responded to the evidence presented by the expert who opined that no defects or vehicle malfunction contributed to the accident in this case. The Hertz defendants also argue that plaintiff has failed to produce any evidence, in response to the motion for summary judgment, to show that the vehicle was defective.
 {¶ 19} As indicated above, the affidavit of defendants' expert stated that it was his "opinion within a reasonable degree of professional and scientific certainty that no defects or vehicle malfunction contributed to the above referenced accident on September 21, 2004." In addition, Mr. Doyle's affidavit, and his curriculum vitae that was incorporated by reference in his affidavit, demonstrated his competence to testify to the matters discussed in his affidavit. Therefore, defendants brought forth evidence that no defects or vehicle malfunction contributed to the September 21, 2004 accident.
 {¶ 20} In support of her second assignment of error, plaintiff cites Mr. Palmer's answers, objections, and responses to plaintiff's first set of interrogatories. Plaintiff also cites to her interrogatories and her initial complaint as support for her assertion. According to plaintiff, Mr. Palmer's answers to her first set of interrogatories included his statement that he contacted "Hertz's Roadside Service" in order for the vehicle to be examined and exchanged "[d]ue to a loud knocking noise comingfrom the left front tire." (Plaintiff's merit brief, at 6; emphasis sic.) A copy of Mr. Palmer's interrogatory answers is attached to plaintiff's appellate brief. However, our review of the record reveals that the answers were not filed in the trial court. Consequently, Mr. Palmer's answers cannot be considered by this court for purposes of determining whether the trial court erred in granting summary judgment in favor of defendants.
 {¶ 21} In addition, plaintiff argues that her answers to interrogatories and her initial complaint indicated that "the vehicle emanated strange noises and sounds continuously during their trip." (Plaintiff's merit brief, at 6.) Pursuant to Civ.R. 56(E), the nonmoving party may not rest on allegations in the complaint. See Carl L. Brown, Inc., supra. Moreover, plaintiff's answers to interrogatories were not filed in the trial court and are not part of the record.
 {¶ 22} Furthermore, although not cited by plaintiff, we do note that the record contains copies of purported "affidavits" of plaintiff, wherein she stated that she heard "a continuous groan, followed by thumping and grinding from the front right tire" of the vehicle. It has been stated that a nonmoving party generally cannot avoid summary judgment by submitting a self-serving affidavit containing no more than bare contradictions of the evidence offered by the moving party. See Bell v. Beightler,
Franklin App. No. 02AP-569, 2003-Ohio-88, at ¶ 33. Moreover, it has been stated that vehicle "[n]oise and vibration are not defects themselves * * * they are symptoms of a defect. In some instances, the symptoms may be circumstantial evidence of a defect." Miller v. DaimlerChrysler Motors Corp. (May 31, 2001), Cuyahoga App. No. 78300. Nevertheless, we find it unnecessary to assess the application of those principles to the case at bar, as the purported "affidavits" were not notarized, and, therefore, were not competent summary judgment evidence.
 {¶ 23} Considering the foregoing, we find that plaintiff did not submit any materials pursuant to Civ.R. 56 demonstrating that there is a genuine issue for trial. Consequently, we overrule plaintiff's second assignment of error.
 {¶ 24} In summary, we find that defendants presented meritorious motions for summary judgment, requiring plaintiff to produce competent evidence showing that there is a genuine issue for trial. However, plaintiff failed to meet that reciprocal burden. Therefore, the trial court properly granted summary judgment in favor of defendants. Accordingly, we overrule plaintiff's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Travis and Whiteside, JJ., concur.
Whiteside, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.