OPINION
{¶ 1} Plaintiff-appellant, Delia Newsome, appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment in favor of defendant-appellee, Uniglobe Travel Designers, Inc. ("Uniglobe"). For the following reasons, we affirm.
 {¶ 2} On May 9, 2006, Newsome filed a complaint against Uniglobe that asserted claims for sex and disability discrimination in violation of R.C. Chapter 4112, breach of contract, and promissory estoppel. In essence, Newsome alleged that Uniglobe failed to pay her the salary that it promised her when she accepted employment and fired her when she became pregnant. *Page 2 
 {¶ 3} Uniglobe filed a motion for summary judgment on December 5, 2006. In her memorandum contra, Newsome argued that the existence of genuine issues of material fact precluded summary judgment in Uniglobe's favor. However, she also acknowledged that she lacked the evidence necessary to prove an element of her discrimination claim; namely, that Uniglobe replaced her with or treated her worse than someone from outside the protected class. Newsome contended that this deficiency should not result in a summary judgment against her because she had not completed her discovery. Although Newsome had requested the personnel records of seven Uniglobe employees, Uniglobe had objected to her request and had refused to turn over the documents. Newsome implied that the personnel records would contain the evidence that she needed to prove her discrimination claim, and she stated that she was in the process of responding to Uniglobe's objection.
 {¶ 4} Finding that Newsome could not prove her claims, the trial court granted Uniglobe summary judgment. In its decision, the trial court noted Newsome's claim that she needed to conduct additional discovery. However, because Newsome had not filed a Civ.R. 56(F) motion, the trial court found that Newsome's need did not impede its consideration and grant of summary judgment. Pursuant to its decision, the trial court issued a judgment entry granting judgment to Uniglobe on February 28, 2007.
 {¶ 5} Newsome now appeals from the February 28, 2007 judgment entry and assigns the following errors:
 1. The trial court erred as a matter of law when it prematurely granted Defendant-Appellee's Motion for Summary Judgment before Plaintiff-Appellant's discovery effort was exhausted, effectively denying Plaintiff-Appellant's well-established right to the disclosure and full hearing of any facts in dispute.
 2. The trial court erred as a matter of law when it granted Defendant-Appellee's Motion for Summary Judgment while *Page 3 
Plaintiff's proper request for discovery had been improperly denied by Defendant.
 {¶ 6} Before we address the merits of Newsome's appeal, we must point out that Newsome failed to comply with Loc.R. 7(F) of the Tenth District Court of Appeals. Pursuant to Loc.R. 7(F), an appellant must "include in the appendix copies of * * * materials which are essential to the determination of the assignments of error, such as the trial court decision and judgment entry * * *." As the decision and judgment entry underlying an appeal are particularly essential to our review, we stress that their inclusion in an appendix is mandatory. While failure to provide this court with the necessary materials is a ground upon which we can dismiss an appeal, we will consider Newsome's appeal in the interest of justice.
 {¶ 7} As they are interrelated, we will address Newsome's assignments of error together. By these assignments of error, Newsome argues that the trial court erred in granting summary judgment before she had completed discovery. We disagree.
 {¶ 8} When a party moves for summary judgment before the non-movant has completed discovery, the non-movant must move to delay judgment under Civ.R. 56(F). Taylor v. XRG, Inc., Franklin App. No. 06AP-839,2007-Ohio-3209, at ¶ 16; McGowan v. Stoyer, Franklin App. No. 02AP-263, 2002-Ohio-5410, at ¶ 16. Civ.R. 56(F) states:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
Thus, Civ.R. 56(F) allows a party to request additional time to obtain through discovery the evidence that it needs to adequately oppose a motion for summary judgment. Taylor, at ¶ 17; McGowan, at ¶ 16. "`[A] party who fails to seek relief under Civ.R. 56(F) in the trial *Page 4 
court does not preserve its rights thereto for purposes of appeal.'"Maschari v. Tone, 103 Ohio St.3d 411, 2004-Ohio-5342, at ¶ 20, quotingTaylor v. Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27,30. See, also, Taylor, at ¶ 17; Scott v. Hertz Corp., Franklin App. No. 05AP-1180, 2006-Ohio-4982, at ¶ 12-13; Carcorp, Inc. v. ChesrownOldsmobile-GMC Truck, Inc., 159 Ohio App.3d 87, 2004-Ohio-5946, at ¶ 7; McGowan, at ¶ 16.
 {¶ 9} In the case at bar, Newsome failed to move pursuant to Civ.R. 56(F) for additional time to conduct the discovery that she needed to respond to Uniglobe's motion for summary judgment. Therefore, she cannot now argue that the trial court erred when it refused to delay ruling upon Uniglobe's motion for summary judgment.
 {¶ 10} Moreover, Newsome had approximately eight months in which to develop the evidence that she needed to respond to a motion for summary judgment. Although Newsome requested certain relevant documents, she failed to pursue any Civ.R. 37 remedy when Uniglobe refused to supply them. Given Newsome's procrastination, we cannot find that the trial court erred in ruling upon the motion for summary judgment.
 {¶ 11} Accordingly, we overrule Newsome's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.Judgment affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1